UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AL SANDERS o/b/o
A.S.,

      Plaintiff,

v.                                                   Case No.: 8:15-cv-39-T-MAP

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. § 1383(c)(3), the Plaintiff, on behalf of A.S., his minor son, seeks judicial review of the Commissioner's decision denying his claim for childhood supplemental security income benefits. Plaintiff argues the Administrative Law Judge ("ALJ") erred by failing to find that A.S. had "marked" limitations in two domains: 1) interacting and relating with others and 2) acquiring and using information. After consideration, I find substantial evidence supports the ALJ's finding that A.S. was not markedly limited in the domain of interacting and relating with others. Accordingly, I affirm the Commissioner's decision and dismiss Plaintiff's Complaint.

*A. Background*

A.S., born on December 1, 1999, was 11 years old at the time his application for benefits was filed. Plaintiff alleges A.S. is disabled due to learning disability/speech problems and asthma. The ALJ found that A.S.'s learning disorder and asthma were severe impairments. However, the ALJ found that A.S's asthma did not medically equal a listed impairment and that

A.S. did not have "marked" limitations in any of the six domains and, therefore, his impairments did not functionally equal a listing. Thus, the ALJ issued a decision denying A.S.'s claim for disability (R. 22-35). Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied (R. 1). Plaintiff has timely pursued and exhausted his administrative remedies and the case is now ripe for judicial review.

   *B. Standard of Review*

In 1996, the Social Security Act was amended with respect to eligibility for child's disability benefits. As amended, the Act now provides:

> An individual under the age of 18 shall be considered disabled ... if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner subsequently issued regulations explaining how this provision would be implemented in determining whether a child is disabled. *See* 20 C.F.R. § 416.924.

Similar to the approach taken with adults, the Commissioner assesses child disability claims under a sequential analysis. 20 C.F.R. § 416.924(a). The first step is to determine whether the child is actually working at substantial gainful activity. 20 C.F.R. § 416.924(b). If not, the second step asks whether the child has a severe impairment. 20 C.F.R. § 416.924(c). If he does not, the child is considered not disabled. *Id.* If there is a severe impairment, the third, and final, step in the analysis is to determine whether the child has an impairment that meets,

-2-

medically equals, or functionally equals, a set of criteria in the Listing of Impairments in Appendix 1. 20 C.F.R. § 416.924(d). For a child's impairment(s) to functionally equal the listings, the child's impairment(s) must result in "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a. A child has a "marked" limitation in a domain when his impairment(s) interferes seriously with his ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). A "marked" limitation is more than moderate, but less than extreme. *Id.* A child has an "extreme" limitation when the child's impairment interferes very seriously with his ability to initiate, and the limitation is "more than marked." 20 C.F.R. § 416.926a(e)(3). An extreme limitation is assigned only to the worst limitations, but does not necessarily mean a total lack or loss of ability to function. *Id.* If the child functionally equals the listings, then he is deemed disabled. 20 C.F.R. § 416.924(d)(1). If he does not, then he will be found not disabled. 20 C.F.R. § 416.924(d)(2). In assessing functional equivalence, the fact finder considers the child's functioning in terms of six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for himself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

As with claims by adults, a determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. § 405(g). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C.

§ 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064 (11th Cir. 1994). A court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F. 3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

C. Discussion

In his appeal, Plaintiff sets forth one argument he claims demands remand and reversal — the ALJ erred in failing to find that A.S. had marked restrictions in 1) acquiring and using information and 2) interacting and relating with others (doc. 18 at 7). Specifically, Plaintiff points out that A.S.'s performance and abilities need to be viewed within the context of his special needs school, and that an IEP report shows Plaintiff has difficulty with social skills.

*i. interacting and relating with others*

This domain considers how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. 20 CFR 416.926a(i). Interacting and relating with others relates to all aspects of social interaction at home, at school, and in the community. *Id.*; SSR 09-5p. Under the social security regulations, a child of school age "should be able to develop more lasting friendships with children who are [his] age. [He] should begin to understand how to work in groups to create

projects and solve problems. [He] should have an increasing ability to understand another's point of view and to tolerate differences. [He] should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand." 20 CFR 416.926a(i)(2)(iv).

Here, the ALJ found that A.S. had no limitation in interacting and relating with others. The ALJ found A.S. to be "open, bright, honest, and talkative" and also "easily understood" (R. 32). Moreover, the ALJ observed that A.S.'s teachers noted no behavioral problems and stated that he got along with his peers (*id.*). Plaintiff does not disagree that A.S. is well-liked by his peers, but points out an IEP report that states A.S. has significant difficulty in processing social information (doc. 18 at 8-9).

The record reflects that, consistent with the ALJ's findings, A.S. excelled in many of the areas that the Commissioner considers in the interacting and relating with others domain. For example, A.S. has no difficulty cooperating with others, complying with the rules, and responding to criticism. IEPs consistently note that A.S. was well-mannered, considerate, and polite, and he followed the rules (R. 225, 237, 445). They also show that A.S. has demonstrated the abilities to "collaborate with his peers without conflict" and "work and play cooperatively with others" (R. 225, 496). For example, A.S.'s seventh-grade Spanish teacher noted that he "is able to effectively interact with others in social situations and he is also able to ignore negative social situations" (R. 214).

The record also shows that A.S. struggled somewhat with processing social information, such as voice tones and body language (R. 237-28, 496). However, a November 2012 IEP

suggests that A.S. did not always take things literally and was able to sometimes pick up on sarcasm (R. 225). In other words, his ability to process social information was improving. And, despite any limitations, A.S. was able to maintain friendships (*e.g.*, R. 53, 252).

The record additionally reflects that A.S. had some trouble with his language skills during the relevant time period. In early 2011, while A.S. was in 5th grade, his teachers found that he was weak in using oral language appropriately in social and academic situations (R. 299-300). However, the records shows that A.S.'s language skills improved over time (R. 217). A November 2012 draft IEP states that A.S. had shown improvement in being able to begin conversations and was able to share ideas within his group and provide input and feedback appropriately (R. 225). His seventh grade Spanish teacher also noted that A.S. was able to "communicate effectively" although he sometimes needs prompting to "form[] the words when he has an idea he would like to express" (R. 215). And, although one teacher suggested he had dysfluencies (R. 217), another found that, despite occasional stutters, A.S. was able to maintain effective communication (R. 252). Upon evaluating A.S.'s language skills, Dr. Fred Alberts, Jr. found that his speech quantity and quality were within normal limits, and that A.S.'s verbal reasoning ability was within the average range (R. 428). Dr. Karen Crockett also evaluated A.S.'s speech and language skills (R. 432). She found that A.S. spoke intelligibly, and those unfamiliar with him should understand him 95% of the time (R. 434). He was able to state, label, describe, respond, inquire, and tell a short story (R. 435). The transcript reflects, and the ALJ noted, that A.S. was also able to communicate effectively at the hearing (R. 32, 44-56).

For all these reasons, I find that substantial evidence supports the ALJ's finding that A.S.

was not markedly limited in the domain of interacting and relating with others. A "marked" limitation *seriously* interferes with a claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2) (emphasis added). But here the record does not show A.S. had serious limitations in his abilities to interact and relate with others. A.S. willingly participated in class discussions and social conversations, could be understood by others, was well liked by his peers and teachers, had friends, was able to effectively maintain conversations, and even enjoyed talking on the phone (*e.g.*, R. 53, 229, 252, 436). Moreover, A.S.'s attorney opined at the hearing that A.S. got along with other students and his limitations in the interacting and relating with others domain were not significant (R. 48-49).

    *ii. acquiring and using information*

The ALJ found that A.S. was not markedly limited in any domain (R. 30-35), and I already found that substantial evidence supports the ALJ's finding that A.S. was not markedly limited in the domain of interacting and relating with others. Therefore, even I accept as true Plaintiff's final argument – that A.S. has a "marked" limitation in the domain of acquiring and using information – A.S. has a "marked" impairment in only one domain. Accordingly, A.S.'s impairments could not functionally equal a listing and A.S. could not be found disabled. 20 C.F.R. § 416.926a (requiring a "marked" limitation in two domains to functionally equal a listing). Accordingly, I need not determine whether the ALJ erred by failing to find that A.S. had a "marked" limitation in the domain of acquiring and using information.

    *D. Conclusion*

For the reasons stated above, it is ORDERED:

1. The Plaintiff's complaint is dismissed, and the Commissioner's decision is affirmed.

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

IT IS SO ORDERED at Tampa, Florida on February 29, 2016.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE